OPINION
{¶ 1} Defendant-appellant, Mark E. Burke, appeals from the November 17, 2003 judgment entry of the Franklin County Court of Common Pleas denying his motion for leave to file a motion for a new trial. For the reasons that follow, we reverse and remand the decision of the trial court.
 {¶ 2} On December 4, 1989, appellant was indicted on two counts of aggravated murder, both with death penalty specifications, and aggravated robbery. A jury found appellant guilty and, following a sentencing hearing, recommended the death penalty. The trial court accepted the jury's recommendation and imposed the death sentence. Appellant filed a timely appeal from his final judgment of conviction and sentence of death. This court concluded that the sentence of death was appropriate and affirmed the judgment and sentence of the trial court. See Statev. Burke (Dec. 28, 1993), Franklin App. No. 90AP-1344, judgment affirmed by State v. Burke (1995), 73 Ohio St.3d 399, writ of certiorari denied by Burke v. Ohio (1996), 517 U.S. 1112,116 S.Ct. 1336.
 {¶ 3} On September 19, 1996, appellant filed a petition for post-conviction relief. On August 7, 1997, the trial court held an evidentiary hearing on appellant's petition. At the 1997 hearing, Keith Norman Norton, Forensic Pathologist for the Franklin County Coroner's Office testified recanting his former testimony at appellant's original trial in 1990. At the 1997 evidentiary hearing, the trial court asked appellant's direct appeal counsel if there was a motion for a new trial based upon the newly discovered evidence. Appellate counsel replied, "No." (Tr., Post-Conviction Relief, Aug. 7, 1997, at 14.) On February 17, 1998, the trial court dismissed appellant's petition for post-conviction relief. Appellant appealed the dismissal of his petition and this court affirmed the judgment of the trial court.State v. Burke (Feb. 17, 2000), Franklin App. No. 99AP-174. In our opinion, we noted, "[appellant's] claim of diminished culpability upon Dr. Norton's changed testimony would be more properly asserted in a motion for a new trial under Crim.R. 33." Id. at fn. 2.
 {¶ 4} On July 23, 2001, appellant filed a motion for leave to file a motion for new trial. On November 17, 2003, the trial court denied appellant's motion finding that the "delay [in filing the motion] is unacceptable especially in light of the fact that two courts advised the Defendant that the [Crim.R. 33] motion was a proper method to bring the issue to this Court." (Nov. 17, 2003 Judgment Entry, at 2.) It is from this entry, that appellant appeals, assigning the following as error:
Assignment of error No. 1:
The trial court erred and abused its discretion in denying the motion for leave to file motion for new trial when the evidence established that appellant was unavoidably prevented from discovering the new evidence on which the motion was based within the time limits set forth in Crim.R. 33(B).
Assignment of error No. 2:
Appellant's direct appeal counsel was ineffective in failing to file the motion for new trial when instructed by the court of appeals thereby denying appellant his federal and state constitutional rights to the effective assistance of counsel, due process, and the right to be free from cruel and unusal punishment.
Assignment of error No. 3:
The trial and appellate courts violated their duty to appoint counsel for the purposes of filing a motion for a new trial and/or now sentence in violation of appellant's fifth, sixth,eighth and fourteenth amendments to the united states constitution.
 {¶ 5} We elect to address appellant's second assignment of error first, where appellant raises an ineffective assistance of counsel claim. Specifically, appellant argues that his appellate counsel was ineffective in delaying the filing of the Crim.R. 33(B) motion for a new trial until 2001 instead of 1997.
 {¶ 6} In order to prevail on his claim of ineffective assistance of counsel under Strickland v. Washington (1984),466 U.S. 668, 686, 104 S.Ct. 2052, appellant must show that "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." State v. Reynolds (1998), 80 Ohio St.3d 670, 674. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, at 686. Thus, a two-part test is necessary to examine such claims. First, appellant must show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably.State v. Keith (1997), 79 Ohio St.3d 514, 534. Second, appellant must show that but for the counsel's errors, there is a reasonable probability that the results of the trial would be different. Id.
 {¶ 7} The burden of showing ineffective assistance of counsel is on the defendant. State v. Smith (1985), 17 Ohio St.3d 98. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998), 81 Ohio St.3d 673, 675. Tactical or strategic trial decisions, even if ultimately unsuccessful, do not generally constitute ineffective assistance.State v. Carter (1995), 72 Ohio St.3d 545, 558 ("[j]udicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from econd-guessing the strategic decisions of trial counsel"); State v. Carpenter
(1996), 116 Ohio App.3d 615, 626 (court of appeals is to "presume that a broad range of choices, perhaps even disastrous ones, are made on the basis of tactical decisions and do not constitute ineffective assistance"). The Sixth Amendment right to effective assistance of counsel does not require defense counsel to file a motion for a new trial where any such motion would be frivolous. See State v. Lott (1990), 51 Ohio St.3d 160, 174.
 {¶ 8} On the basis of the record before us, the fact that appellant's counsel filed a petition for post-conviction relief and failed to file a motion for a new trial even after being advised by the trial court and this appellate court that a Crim.R. 33(B) motion was the proper method for appellant to raise his claims, amounts to appellate counsel's performance failing the objective standard of reasonableness.
 {¶ 9} At the original trial, Dr. Norton testified that the victim died as a result of a bleeding heart caused from 12 stab wounds. Dr. Norton testified that five of the 12 wounds showed evidence of healing which were consistent with someone prodding the victim with a knife an hour before the last of the five wounds were inflicted. Burke, at 404. At the evidentiary hearing held August 7, 1997, Dr. Norton testified that he had been mistaken in his earlier testimony that the shallow wounds showed signs of healing. Dr. Norton testified that he modified his former testimony regarding the healing wounds after consulting with two other assistant coroners. Dr. Norton said that the five shallow wounds were actually caused by the victim's age and that the wounds had been inflicted when the victim caught himself on a barbed wire fence while fleeing his attackers, rather than the victim receiving the wounds from being prodded with the point of a knife.
 {¶ 10} After carefully considering these facts, appellant's allegations do give rise to a reasonable probability that the result of the proceedings would be different if a new trial were granted. Appellate counsel acted deficiently in waiting nearly five years before bringing the newly discovered evidence to the attention of the trial court. In August 1997, the trial court asked appellate counsel if there was a motion for new trial based on the newly discovered evidence. Appellate counsel replied, "No." (Tr. 14.) In February 2000, this court advised appellate counsel that appellant's claims would be more properly asserted by filing a motion for a new trial. However, appellate counsel failed to take the advice of the trial court as well as this honorable court. Appellate counsel waited until July 2001 to file a motion for new trial. We can think of no tactical or strategic reason for such delay. With that being said, we find that appellate counsel was under a duty to file a motion for a new trial under the facts of this case as the recantation of Dr. Norton's earlier testimony may have some bearing on appellant's culpability. Appellant's claim that appellate counsel's performance was constitutionally defective is meritorious. As such, appellant's second assignment of error is well-taken.
 {¶ 11} Based on our resolution of appellant's second assignment of error, we decline to address the issues raised in appellant's first and third assignments of error. App.R. 12(A)(1)(c).
 {¶ 12} For the foregoing reasons, appellant's first and third assignments of error are overruled as moot. Appellant's second assignment of error is sustained and the judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.
Judgment reversed and remanded for further proceedings.
Petree and Sadler, JJ., Concur.