OPINION
{¶ 1} Defendant-appellant, Mark E. Burke, has filed this appeal from the November 17, 2003 judgment of the Franklin County Court of Common Pleas denying his motion for leave to file a motion for a new trial. For the reasons that follow, we reverse and remand the decision of the trial court.
 {¶ 2} On December 4, 1989, appellant was indicted on two counts of aggravated murder, both with death penalty specifications, and aggravated robbery. Following a jury trial, appellant was found guilty and, following a sentencing hearing, the jury recommended the death penalty. The trial court accepted the jury's recommendation and imposed the death sentence. Appellant timely filed a notice of appeal from this final judgment of conviction and sentence of death. This court concluded that the sentence of death was appropriate and affirmed the judgment and sentence of the trial court. State v. Burke (Dec. 28, 1993), Franklin App. No. 90AP-1344, affirmed (1995), 73 Ohio St.3d 399, certiorari denied (1996), 517 U.S. 1112, 116 S.Ct. 1336.
 {¶ 3} On September 19, 1996, appellant filed a petition for post-conviction relief. On August 7, 1997, the trial court held an evidentiary hearing on appellant's petition. Keith Norton, Forensic Pathologist for the Franklin County Coroner's Office, testified, recanting a significant part of his original testimony given at appellant's trial. Dr. Norton had originally testified that the victim's body had five shallow wounds which Dr. Norton described as "healing wounds." (Aug. 7, 1997 Tr. 34.) Dr. Norton had also testified that those wounds had been inflicted approximately one hour before the victim had died. Based upon this, Dr. Norton concluded that the victim had been tortured. The state used this evidence to establish prior calculation and design, and, ultimately, appellant was convicted of aggravated murder and was sentenced to death.
 {¶ 4} In recanting his testimony, Dr. Norton indicated that he now believed that the five wounds at issue were inflicted when the victim attempted to climb over a barbed wire fence and that the curling of the edges of the wounds was a result of the victim's age and did not provide evidence of healing. After filing findings of fact and conclusions of law, the trial court dismissed appellant's petition for post-conviction relief on February 17, 1998. Appellant appealed the dismissal of his petition, and this court affirmed the judgment of the trial court. Statev. Burke (Feb. 17, 2000), Franklin App. No. 99AP-174. In our opinion, we noted in footnote 2:
[Appellant's] claim of diminished culpability based upon Dr. Norton's changed testimony would be more properly asserted in a motion for a new trial under Crim.R. 33.
 {¶ 5} On July 23, 2001, appellant filed a motion for leave to file a motion for new trial. On November 17, 2003, the trial court denied appellant's motion, finding as follows:
Regardless of whether [defendant was] unavoidably prevented from discovery of the evidence, this delay is unacceptable especially in light of the fact that two courts advised the Defendant that the motion was a proper method to bring the issue to this Court.
 {¶ 6} Thereafter, appellant filed a notice of appeal, asserting the following three assignments of error:
Assignment of Error No. 1:
The trial court erred and abused its discretion in denying the motion for leave to file motion for new trial when the evidence established that appellant was unavoidably prevented from discovering the new evidence on which the motion was based within the time limits set forth in Crim.R. 33(B).
Assignment of Error No. 2:
Appellant's direct appeal counsel was ineffective in failing to file the motion for new trial when instructed to by the court of appeals thereby denying appellant his federal and state constitutional rights to the effective assistance of counsel, due process, and the right to be free from cruel and unusual punishment.
Assignment of Error No. 3:
The trial and appellate courts violated their duty to appoint counsel for the purposes of filing a motion for a new trial and/or new sentence in violation of appellant's fifth, sixth, eighth and fourteenth amendments to the united states constituion.
 {¶ 7} On December 7, 2004, this court issued a decision sustaining appellant's second assignment of error, finding that appellant's claim that appellate counsel's performance was constitutionally defective was meritorious. As such, this court reversed the judgment of the trial court and remanded the matter for further proceedings. State v. Burke, Franklin App. No. 03AP-1241, 2004-Ohio-6519. On December 15, 2004, defendant-appellee, State of Ohio, filed an application for reconsideration. In a decision rendered January 31, 2005, this court granted the application for reconsideration, and in so doing overruled appellant's second assignment of error on the basis that, because there is no constitutional right to counsel on a second appeal or on subsequent petitions for post-conviction relief, appellant had no constitutional right to effective assistance of counsel. Inasmuch as this court by its decision of December 7, 2004, had overruled as moot appellant's first and third assignments of error, this case was reassigned, so that appellant's first and third assignments of error could be properly addressed.
 {¶ 8} The matter is currently before this court for disposition of appellant's first and third assignments of error originally raised in his appeal from the trial court's judgment denying his motion for leave to file a motion for new trial.
 {¶ 9} In his first assignment of error, appellant argues that the trial court abused its discretion by denying his motion for leave to file a motion for new trial.
 {¶ 10} Crim.R. 33 provides, in pertinent part, for the granting of a new trial:
(A) Grounds
A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
* * *
(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given[.] * * *
(B) Motion for new trial; form, time
* * *
Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
 {¶ 11} Crim.R. 33(B) sets out a bifurcated procedure. This court, inState v. Walden (1984), 19 Ohio App.3d 141, explained, as follows:
* * * Crim.R. 33(B) contemplates a bifurcated procedure: (1) a motion for leave to file a delayed motion for new trial supported by evidence demonstrating that the movant was unavoidably prevented from ascertaining the ground sought to be asserted by way of motion for new trial within fourteen days after the rendering of the verdict; and (2) if the motion be granted, the filing within seven days of the actual motion for new trial properly supported by affidavit demonstrating the existence of the grounds for the motion pursuant to Crim.R. 33(C). * * *
 {¶ 12} In the present case, the trial court denied appellant's motion for leave to file a motion for new trial upon the basis that the delay in filing the motion was unacceptable. In the present case, however, this court finds that the trial court erred in its determination. Specifically, this court finds that it is more reasonable to determine the time frame relative to appellant's motion from February 17, 2000, the date that this court denied his motion for post-conviction relief and indicated that a motion for new trial under Crim.R. 33 was the proper vehicle for raising appellant's claim. This court notes that appellant's motion for leave to file a motion for new trial was filed on July 23, 2001, 17 months after this court's decision. While 17 months is a long period of time, this court is motivated, in this particular instance, by the following factors: (1) this is a death penalty case and should be given greater scrutiny; (2) Dr. Norton first brought his concerns to the state in 1997 and was given the impression that his changed testimony would not be sufficient to get appellant's sentence reduced; and (3) based upon Dr. Norton's changed testimony given at the trial of appellant's co-defendant, the co-defendant was sentenced to life imprisonment with the possibility of parole after 30 years. As such, this court sustains appellant's first assignment of error upon a finding that, given the specific facts and procedural posture of this case, the trial court erred in finding that appellant had not established that he was unavoidably prevented from asserting the grounds alleged in a timely fashion. As such, this court finds that the delay in this case was acceptable, and this matter will be remanded to the Franklin County Court of Common Pleas to consider whether or not appellant should be granted a new trial in this case.
 {¶ 13} On February 9, 2005, appellant filed an application for reconsideration from this court's January 31, 2005 memorandum decision granting the application for reconsideration filed by the state. Given the disposition of appellant's first assignment of error, the application for reconsideration is denied.
 {¶ 14} Based upon the foregoing, appellant's first assignment of error is sustained, his second assignment of error is overruled, and his third assignment of error is moot. The judgment of the Franklin County Court of Common Pleas is hereby reversed, and this matter is remanded to that court to determine whether or not appellant should be granted a new trial.
Application for reconsideration denied; judgment reversed and causeremanded with instructions.
Sadler, J., concurs.
Lazarus, J., concurs in judgment only.