JOURNAL ENTRY and OPINION
{¶ 1} After a jury found appellant, Nasir Muntaser ("appellant"), guilty of murder, aggravated arson, and arson, he was sentenced to fifteen years to life for murder, one year for arson, and eight years for aggravated arson, to run concurrently with the arson sentence. On direct appeal, this court affirmed both appellant's conviction and sentence.[1]
Almost six months after this court released its opinion, appellant moved the trial court for leave to file delayed new trial motion, which the trial court denied. Appellant now appeals. For the following reasons, we affirm the trial court's denial of appellant's motion for leave to file delayed new trial motion.
 {¶ 2} Appellant argues, in his sole assignment of error, that the trial court erred by denying him leave to file his delayed new trial motion because the newly discovered evidence would not have been obtained within 120 days of the jury verdict, despite due diligence. However, appellant's argument is without merit.
 {¶ 3} Crim.R. 33(B) provides in pertinent part:
 {¶ 4} "* * *
 {¶ 5} "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
 {¶ 6} Leave from the trial court is granted only when appellant has proven, by clear and convincing evidence, that he was unavoidably prevented from filing a timely motion or discovering the new evidence within the period provided pursuant to Crim.R. 33. State v. Davis,
Franklin App. No. 03AP-1200, 2004-Ohio-6065, ¶ 11; State v. Josso (Apr. 27, 2000), Cuyahoga App. No. 77227. Clear and convincing evidence requires more than a mere allegation that a defendant was unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial motion. See Josso. "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." Davis, 2004-Ohio-6065, at ¶ 11, citing State v. Walden
(1984), 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859.
 {¶ 7} Because appellant filed his motion for leave to file delayed new trial motion more than 120 days from the date of his conviction, he was required to provide clear and convincing proof that, despite his due diligence, he was "unavoidably prevented" from the discovery of the "newly discovered evidence." Appellant supports his motion for leave to file delayed new trial motion with affidavits of five witnesses, but fails to demonstrate both his due diligence in attempting to obtain this evidence and how he was "unavoidably prevented" from obtaining this evidence.
 {¶ 8} First, two of the five witnesses who submitted affidavits in support of appellant's motion for leave to file delayed new trial motion, Naiem Muntaser and Tom Pavlish, were known by and available to appellant at the time of trial. Although appellant now argues that Naiem Muntaser was out of the country at the time of his trial and could not testify on his behalf, Naiem Muntaser's affidavit averring that appellant was not the owner of the store does not constitute "newly discovered" evidence under Crim.R. 33(B). In fact, evidence adduced at trial demonstrated that appellant put the store in Ali Alnajada's name but appellant remained the store's proprietor to allow the store to receive new food stamp licenses after the old licenses in appellant's name were terminated. There is no "newly discovered" evidence from Naiem Muntaser's affidavit.
 {¶ 9} Likewise, Tom Pavlish was a private investigator hired by appellant's counsel and testified at trial. Pavlish avers in his affidavit that on April 2, 2002, five months prior to appellant's trial, he met with one of the witnesses who stated that he did not know appellant and that he saw Tayser Marzouk pouring gasoline in the store with a gas can. However, because this information was available to and known by appellant prior to trial, it is not "newly discovered" evidence that satisfies Crim.R. 33(B).
 {¶ 10} Second, the affidavits from the three other witnesses do not constitute "newly discovered" evidence as their averments simply contradict the tape-recorded conversation between appellant and Ali Alnajada, where appellant admitted to the "fake" store break-in and giving the store key to Tayser Marzouk, who started the fire. Evidence that merely contradicts the evidence presented at trial is not enough to constitute a new trial on the basis of "newly discovered" evidence. SeeState v. Petro (1947) 148 Ohio St. 505, 76 N.E.2d 370, at syllabus.
 {¶ 11} Finally, appellant has failed to demonstrate his "due diligence" in obtaining his alleged "newly discovered" evidence within the 120 days after he was convicted. Without more, it cannot be said that the trial court abused its discretion in denying appellant's motion for leave to file delayed new trial motion. Thus, appellant's sole assignment of error is overruled and the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, P.J., and Sean C. Gallagher, J., Concur.
[1] A full account of the underlying facts supporting appellant's conviction and sentence can be found within this court's opinion issued on direct appeal at State v. Muntaser, Cuyahoga App. No. 81915, 2003-Ohio-5809, discretionary appeal not allowed, 101 Ohio St.3d 1491,2004-Ohio-1293, 805 N.E.2d 540.