DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, the State of Ohio, appeals from the judgment of the Summit County Court of Common Pleas granting appellee, Theodore Georgekopoulos, a new trial based upon newly discovered evidence. This Court reverses.
 I. {¶ 2} Appellee was convicted of murder with a firearm specification as a result of events that took place on December 3, 1996. A detailed discussion of the underlying facts of this case can be found in this Court's decision State v.Georgekopoulos (Nov. 25, 1998), 9th Dist. No. 18797, affirming appellee's conviction. Subsequently, appellee filed a petition for post-conviction relief alleging ineffective assistance of counsel. The trial court denied the motion and this Court affirmed the trial court's decision in State v. Georgekopoulos,
(Jul. 28, 1999), 9th Dist. No. 19334.
 {¶ 3} On April 19, 1999, appellee filed a motion for leave to file a motion for a new trial for alleged juror misconduct. The trial court denied the motion on May 18, 2000. On October 9, 2002, appellee filed a second motion for a new trial. It is this motion that is the focus of this appeal. Appellee alleged that new evidence was discovered that entitled him to a new trial. Appellee argued that a picture which depicted stippling on his right hand was never produced at trial and demonstrated that the State's theory of the case was faulty. The trial court granted appellee an evidentiary hearing on the matter and held the hearing on August 14, 2003. On January 6, 2004, the trial court granted appellee's motion for a new trial. Appellant timely appealed, raising one assignment of error.
 II. ASSIGNMENT OF ERROR
"The trial court committed error when it granted the defendant's motion for a new trial."
 {¶ 4} In its sole assignment of error, appellant avers that the trial court erred when it granted appellee a new trial based on newly discovered evidence. We agree.
 {¶ 5} The granting of a motion for a new trial is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. State v. Petro (1947),148 Ohio St. 505, 507-508. Abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 6} Crim.R. 33(B) governs the procedure a trial court must follow in granting a motion for a new trial. Crim.R. 33(B) reads in pertinent part as follows:
"Motions for a new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
 {¶ 7} The record demonstrates that appellee's motion for a new trial would not have been timely filed. Appellee's current motion for a new trial was made more than five years after a jury convicted him of murder.
"[A] two step process is anticipated when the motion is made outside the period during which motions for a new trial are permitted as a matter of course. There will be an initial step that results in the issuance of an order from the court that there was an unavoidable delay. Within seven days after that order, the motion for a new trial must be made. Crim.R. 33 does not specify the procedure by which the initial order is to be obtained." State v. Dawson (Jul. 14, 1999), 9th Dist. No. 19179.
 {¶ 8} In accordance with Crim.R. 33(B), appellee filed a motion with the trial court for leave to file a motion for a new trial. However, the trial court made no finding that appellee was unavoidably prevented from discovering the evidence in question. As such, the trial court has made no ruling on appellee's motion for leave to file a motion for a new trial. Instead, the trial court ruled on a motion that was not before it, granting appellee a new trial without finding that appellee was entitled to leave to file a motion for a new trial. Therefore, the trial court abused its discretion in granting appellee a new trial without first finding by clear and convincing evidence that appellee was unavoidably prevented from discovering the evidence within the one hundred twenty day time frame established by Crim.R. 33(B). This Court makes no determination as to whether appellee is entitled to a new trial. Our holding is limited to the finding that appellee's new trial was granted prematurely. On remand, in accord with Crim.R. 33(B), the trial court should first determine whether appellee is entitled to leave to file a motion for a new trial.
 {¶ 9} Accordingly, appellant's sole assignment of error is sustained.
 III. {¶ 10} Appellant's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas granting appellee a new trial is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
Slaby, J., Batchelder, J., concur.