OPINION
{¶ 1} Defendant-appellant, Edward A. Lee ("appellant"), appeals from the denial of his motion for leave to file a motion for new trial by the Franklin County Court of Common Pleas. For the following reasons, we affirm the denial.
 {¶ 2} This case arises from events occurring on September 27, 1996. On that date, an assailant fired multiple gunshots through a bedroom window, hitting and seriously wounding Toia Roberts, appellant's former girlfriend. Ms. Roberts' three-year-old son, William, and her boyfriend, James Ford, were also in the bedroom at the time, but were not injured.
 {¶ 3} On September 18, 1997, following a jury trial, appellant was convicted on one count of attempted murder, three counts of felonious assault, and one gun specification, for the September 27, 1996 shooting. The trial court sentenced appellant to an aggregate term of 29 years in prison. This court affirmed appellant's convictions and sentence in Statev. Lee (Sept. 3, 1998), Franklin App. No. 97APA12-1629.
 {¶ 4} On March 10, 2004, appellant filed in the trial court a motion for leave to file a motion for new trial. With his motion, appellant presented an affidavit of Kylon Jones, who stated that he was the person who shot into Roberts' window (aiming for Ford, not Roberts) and that Roberts told him in 2001 that she had not seen the assailant's face. Appellant also presented an affidavit of an investigator employed by the Ohio Public Defender stating that Jones had provided the statement to her when she visited Jones in prison in October 2003.
 {¶ 5} On February 9, 2005, the trial court denied appellant's motion for leave, and appellant timely appealed.
 {¶ 6} In this appeal, appellant raises a single assignment of error:
THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR NEW TRIAL.
 {¶ 7} Crim.R. 33(B) governs motions for a new trial in a criminal proceeding. Pursuant to that rule, if a defendant fails to file a motion for a new trial based on newly discovered evidence within 120 days of a jury's verdict, then he or she must seek leave from the trial court to file a delayed motion. To obtain such leave, the defendant must demonstrate by clear and convincing proof that he or she was unavoidably prevented from discovering the evidence within the 120 days.
 {¶ 8} A party is "unavoidably prevented" from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence. State v. Carr, Franklin App. No. 02AP-1240, 2003-Ohio-2947, citing State v. Walden (1984), 19 Ohio App.3d 141, 145-146; State v.Mease (Nov. 14, 2000), Franklin App. No. 00AP-294, citing State v.Mathis (1999), 134 Ohio App.3d 77, 79.
 {¶ 9} Clear and convincing proof that the defendant was "unavoidably prevented" from filing "requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial." Mathis at 79. In Statev. Petro (1947), 148 Ohio St. 505, syllabus, the Ohio Supreme Court held:
To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. * * *
See, also, State v. Hawkins (1993), 66 Ohio St.3d 339, 350, certiorari denied, 510 U.S. 984 (reiterating the Petro standard); accord State v.Davis, Franklin App. No. 03AP-1200, 2004-Ohio-6065.
 {¶ 10} The granting of a motion for a new trial is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. Carr, citing State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. Abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary or unconscionable manner. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 11} As an initial matter, plaintiff-appellee, State of Ohio, argues that the trial court did not have jurisdiction to entertain appellant's motion, an argument with which the trial court agreed. R.C. 2953.21(J), appellee argues, provides the "exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case[.]" The R.C. 2953.21 post-conviction relief process is a collateral civil attack on a criminal judgment. State v. Calhoun
(1999), 86 Ohio St.3d 279, 281. It is a means to reach constitutional issues that would otherwise be impossible to reach because the trial court record does not contain evidence supporting those issues. State v.Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233. If a petitioner seeks post-conviction relief beyond the statutory 180-day timeframe, then the petitioner must show that a newly recognized federal or state right affords relief or "that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief[.]" R.C. 2953.23(A)(1)(a).
 {¶ 12} The trial court agreed with appellee that R.C. 2953.21 provides appellant's only possible avenue for relief, and that this avenue was unavailable to appellant because he did not raise a constitutional claim. However, our review of the record shows that appellant did raise a constitutional claim in his motion. Specifically, he claimed that Jones' affidavit revealed that he had been denied his Sixth Amendment right to effective assistance of counsel because his attorney, Christopher Cooper, had failed to investigate Jones as a possible perpetrator of the crime. Therefore, we question the trial court's statement that it did not have jurisdiction to hear appellant's motion.
 {¶ 13} Moreover, with or without a constitutional claim, this court and others have at least implicitly found that the Crim.R. 33(B) procedure for new trial motions exists independently from the R.C. 2953.21
procedure for post-conviction petitions. See, e.g., State v.Georgekopoulos, Summit App. No. C.A. 21952, 2004-Ohio-5197; State v.Gray, Cuyahoga App. No. 82841, 2003-Ohio-6643; State v. Burke (Feb. 17, 2000), Franklin App. No. 99AP-174, fn. 2 ("[d]efendant's claim of diminished culpability based upon Dr. Norton's changed testimony would be more properly asserted in a motion for a new trial under Crim.R. 33");Walden at 146 ("[t]he basic difference" between a Crim.R. 33 motion and an R.C. 2953.21 petition "is that the latter must be predicated upon denial or infringement of constitutional rights so substantial as to render the judgment void or voidable. While such a basis may constitute justification for a new trial pursuant to Crim.R. 33, only prejudicial error need be demonstrated in support of such a motion"); State v.Broady (Apr. 10, 1975), Franklin App. No. 75AP-31 ("[b]asically the contention in this regard is that there exists newly discovered evidence which could not with reasonable diligence have been discovered and produced at the trial. The proper method of raising such an issue is by motion for new trial pursuant to Crim.R. 33[B]").
 {¶ 14} Nevertheless, while we question the trial court's statement that it did not have jurisdiction to hear the motion, we find that the trial court did, in fact, consider the motion and dismissed it on alternate, substantive grounds. For our review of those substantive grounds, we find the analysis of the Second Appellate District in Statev. Coleman, Clark App. No. 04CA43, 2005-Ohio-3874, at ¶ 25-27, to be helpful:
In reviewing petitions for post-conviction relief, a trial court may, in the exercise of its sound discretion, weigh the credibility of affidavits submitted in support of the petition in determining whether to accept the affidavit as true statements of fact. State v. Calhoun,
[(1999), 86 Ohio St.3d 279]. That same doctrine also comfortably applies to affidavits submitted in support of a motion for a new trial based upon newly discovered evidence that is material to the defense. In assessing the credibility of affidavits, the trial court should consider all relevant factors, including:
"(1) whether the judge reviewing the post-conviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony." Calhoun [at 285].
One or more of the Calhoun factors, to the extent that any of them apply, may be sufficient to justify a conclusion that an affidavit asserting information outside the record lacks credibility. Id.
 {¶ 15} Here, multiple factors support the trial court's finding that Jones' affidavit is not credible. First, the trial judge who decided appellant's motion below is the same judge who presided over appellant's trial in 1997. Thus, he is knowledgeable about the trial and the evidence presented. Second, Jones' affidavit contains hearsay. The public defender's office began its investigation based on Jones' statement that Roberts (whom Jones refers to as "Cakie") told him in 2001 that she had not actually seen the shooter. While appellant relies on this statement as support for his motion, he presents no direct evidence from Roberts. Third, while apparently not related to appellant, the trial court found that Jones is a friend of appellant's, perhaps providing an interest in the success of appellant's efforts. The court also noted that Jones is serving a 26-year sentence for complicity to commit murder and has nothing to lose by confessing to a felony that occurred just beyond the six-year statute of limitations. While we acknowledge that some courts have applied the newer 20-year statute of limitations to similar crimes, the trial court reasonably concluded that the timing of Jones' "confession" is suspicious.
 {¶ 16} In addition, the information contained in Jones' affidavit contradicts the overwhelming evidence presented at trial. On appeal from appellant's conviction — notably, an appeal that questioned only his conviction for felonious assault against William and Ford, not his conviction for attempted murder and felonious assault as to Roberts — this court described the evidence, as follows:
Toia was able to identify the assailant as appellant. (Tr. 695.) After police had arrived, a caller telephoned the residence asking for Toia. Rosalie Roberts spoke with the caller and identified him as appellant. The phone call was traced to a public telephone booth nearby and the officer dispensed to investigate identified a car, a black Camaro, leaving the scene. The black Camaro was found abandoned in an apartment complex and identified as belonging to appellant's sister, Ophelia Lynn Lee. Ms. Lee testified that appellant had borrowed the car earlier and had not returned it. (Tr. 666.) A witness testified that she had seen a black car driving up and down the street near Rosalie Roberts' house the evening of the shooting. (Tr. 76-77.) Another witness testified that he saw a black Camaro leaving the area a short time after the shooting occurred. (Tr. 630-633.)
Lee, supra. Thus, at best, appellant's new evidence merely contradicts the trial record evidence and does not disclose a strong probability that it would change the result if a new trial were granted.
 {¶ 17} Finally, the evidence does not support appellant's theory that Cooper provided him ineffective assistance because he failed to investigate Jones as a possible perpetrator. As the trial court noted, Jones' affidavit states only that Cooper represented Jones prior to appellant's trial and that Cooper also represented Jones on two matters after appellant's conviction. While appellant's motion included documents showing that Cooper represented Jones and appellant during the same time period, neither the affidavit nor any other evidence provides support for the notion that Cooper knew or should have suspected that Jones was the shooter. Jones' affidavit neither makes nor supports that assertion. Instead, Jones' statements go to the question whether Roberts actually saw the assailant. On that point, we reiterate that Jones' statements are hearsay, and they conflict with Roberts' testimony at trial.
 {¶ 18} In the end, appellant has provided no evidence that explains how or when he became aware that Jones committed the crimes or that Roberts had changed her story. The trial court reasonably concluded that Jones' affidavit lacked credibility and, even if credible, failed to support appellant's theory that Cooper's representation of both appellant and Jones rendered him ineffective. Therefore, whether Crim.R. 33(B) or R.C. 2953.23(A)(1)(a) applies, the trial court properly dismissed appellant's motion for leave to file a motion for a new trial.
 {¶ 19} For these reasons, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Klatt and Sadler, JJ., concur.