DECISION
{¶ 1} Plaintiff-appellant, the State of Ohio, has filed a motion for leave to appeal pursuant to R.C. 2945.67(A) and App.R. 5(C). The State seeks leave to appeal a judgment of the Franklin County Court of Common Pleas partially granting defendant-appellee, Mark Burke, a new trial. Because the State has failed to sufficiently demonstrate a probability that its claimed errors did in fact occur, we deny the State's motion.
 {¶ 2} In 1989, Burke was indicted by a Franklin County Grand Jury with two counts of aggravated murder in violation of R.C.2903.01.[1] The charges arose from the stabbing death of Billy McBride. Each count contained two death penalty specifications pursuant to R.C. 2941.14. A jury found Burke guilty of both counts of aggravated murder and guilty of both death penalty specifications in Count 1 of the indictment. The jury found him guilty of one of the death penalty specifications in the second count of aggravated murder.[2] After a sentencing hearing, the jury recommended to the trial court that it sentence Burke to death for his aggravated murder convictions. The trial court merged the two counts of aggravated murder for sentencing purposes and the State elected to have Burke sentenced on Count 1 of the indictment. The trial court sentenced Burke to death. The trial court did not impose a sentence for count 2 of the indictment. This court affirmed Burke's convictions and sentence of death. State v. Burke (Dec. 28, 1993), Franklin App. No. 90AP-1344. The Supreme Court of Ohio also affirmed Burke's convictions and sentence. State v. Burke (1995),73 Ohio St.3d 399. The Supreme Court of the United States denied review. Burke v. Ohio (1996), 517 U.S. 1112, 116 S.Ct. 1336.
 {¶ 3} In 1996, Burke filed in the trial court a petition for post-conviction relief pursuant to R.C. 2923.21. At a hearing on Burke's petition, the forensic pathologist who performed McBride's autopsy, Dr. Keith Norton, testified that some of his trial testimony was erroneous. Therefore, Dr. Norton recanted that testimony. Specifically, Dr. Norton changed his opinion that certain knife wounds on McBride's body were inflicted an hour before his death and were healing when he died. Instead, Dr. Norton opined that these wounds resulted from climbing a fence and did not show evidence of healing, but rather, were affected by the victim's old age. The trial court dismissed Burke's petition, and this court affirmed. State v. Burke (Feb. 17, 2000), Franklin App. No. 99AP-174. In a footnote, however, we noted that Burke's argument regarding Norton's changed testimony "would be more properly asserted in a motion for a new trial under Crim.R. 33." Id. at fn. 2.
 {¶ 4} Burke then filed in the trial court a motion for leave to file a motion for a new trial pursuant to Crim.R. 33, based on Norton's changed testimony. The trial court denied the motion based on Burke's delay in filing his motion. This court reversed that decision and instructed the trial court to determine whether or not Burke should be granted a new trial. State v. Burke,
Franklin App. No. 03AP-1241, 2005-Ohio-891, at ¶ 14. On remand, the trial court granted Burke a new trial on the first count of aggravated murder and the attendant death penalty specifications. It found a strong probability that Norton's changed testimony would change the result if a new trial were granted. The court unmerged the second count of aggravated murder from the first count but did not grant a new trial on Count 2 of the indictment. Instead, it ordered a new trial on the death penalty specification in Count 2 of the indictment on which the jury did not reach a verdict. The trial court also scheduled a new sentencing hearing on Count 2 of the indictment.
 {¶ 5} In case No. 06AP-686, Burke has appealed the trial court's decision to deny, in part, his motion for a new trial. In case No. 06AP-656, the State seeks leave to appeal from the trial court's decision to grant, in part, Burke's motion.
 {¶ 6} The State's right to appeal a trial court's decision is governed by R.C. 2945.67(A), which provides that:
"A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter of right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief * * * and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * *."
 {¶ 7} This statute grants the State a substantive, but limited, right of appeal. State v. Slatter (1981),66 Ohio St.2d 452, 456-457. The State's absolute right of appeal is only available where the trial court's decision falls within one of four categories stated in the statute: (1) a motion to dismiss all or part of an indictment, complaint, or information; (2) a motion to suppress evidence; (3) a motion for the return of seized property; or (4) a petition for post-conviction relief.State v. Matthews (1998), 81 Ohio St.3d 375, 377-378. The trial court's decision to grant Burke a new trial does not fall under any of these categories.
 {¶ 8} The State may appeal "any other decision" of the trial court, such as a decision granting a new trial, only if the State first obtains leave from the appellate court to take the appeal. Id. at 378; R.C. 2945.67(A). The decision to grant or deny the State leave to appeal rests solely within the discretion of the court of appeals. State v. Fisher (1988), 35 Ohio St.3d 22, 23;State v. Phipps, Auglaize App. No. 2-05-19, 2006-Ohio-602, at ¶12; State v. Johnson (Apr. 4, 1996), Franklin App. No. 95APA10-1380. The State must demonstrate a probability that the claimed errors did in fact occur. App.R. 5(C); State v. Garcia
(May 2, 1995), Franklin App. No. 94APA11-1646.
 {¶ 9} The State has presented three claimed assignments of error in its motion:
1. THE COMMON PLEAS COURT ERRED IN GRANTING RELIEF, AS THE COURT LACKED JURISDICTION.
2. THE COMMON PLEAS COURT ERRED AND ABUSED ITS DISCRETION IN AWARDING "NEW TRIAL" RELIEF IN THE FORM OF A NEW PENALTY-PHASE SENTENCING HEARING ON COUNT TWO.
3. THE COMMON PLEAS COURT ERRED AND ABUSED ITS DISCRETION WHEN IT AWARDED NEW TRIAL RELIEF, SINCE DR. NORTON'S CHANGED OPINION DID NOT CREATE A STRONG PROBABILITY OF A DIFFERENT OUTCOME ON ANY COUNT OF SPECIFICATION.
 {¶ 10} In regards to its first claimed error, the State contends that the trial court lacked jurisdiction to consider Burke's motion for a new trial because a petition for post-conviction relief pursuant to R.C. 2953.21 is the exclusive remedy to collaterally attack the validity of a conviction or sentence in a criminal case. This court, however, has previously noted that the procedure for new trial motions made pursuant to Crim.R. 33(B) exists independently from the procedure for post-conviction petitions pursuant to R.C. 2953.21. See State v.Lee, Franklin App. No. 05AP-229, 2005-Ohio-6374, at ¶ 13. TheLee court also cited to at least one other court that considered a motion for a new trial filed after the denial of a petition for post-conviction relief, although it did not address the jurisdictional question presented in this motion. State v.Georgekopoulos, Summit App. No. C.A. 21952, 2004-Ohio-5197.
 {¶ 11} We also note the significant differences in the two procedures. A petition for post-conviction relief is a means to reach constitutional issues that would otherwise be impossible to reach because the trial court record does not contain evidence supporting the issues. Id. A motion for a new trial, on the other hand, does not require the allegation of a constitutional violation. Instead, as is the case here, a motion for new trial may be supported by the allegation of newly discovered evidence that could not have been discovered and produced at trial with reasonable diligence. Crim.R. 33(A)(6). The trial court has jurisdiction to hear Burke's motion for a new trial.
 {¶ 12} We now address the State's third claimed error. The State claims that the trial court abused its discretion by granting Burke a new trial based on Norton's changed testimony. Specifically, the State contends that the trial court erred when it found that the changed testimony created a strong probability of a different outcome.
 {¶ 13} Burke's motion for new trial was based on newly discovered evidence. Crim.R. 33(A)(6). The Supreme Court of Ohio has held that, in order to grant a motion for a new trial on these grounds, it must be shown that the newly discovered evidence upon which the motion is based: (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. State v. Davis,
Franklin App. No. 03AP-1200, 2004-Ohio-6065, at ¶ 7, citingState v. Petro (1947), 148 Ohio St. 505, paragraph one of the syllabus,
 {¶ 14} A motion for a new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. Statev. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} The trial court reasoned that Norton's changed testimony significantly impacted the State's claim of prior calculation and design. Specifically, the State argued in its closing arguments that whoever killed McBride did so after enough time elapsed for some of McBride's wounds to begin to heal. This, the State argued, showed that the perpetrator waited and thought about whether or not to kill McBride, showing prior calculation and design. The State relied upon Norton's testimony to support this argument.
 {¶ 16} The State argues that, even without Norton's prior testimony, the other evidence of prior calculation and design is still strong. The State points to Burke's own testimony that his co-defendant stabbed McBride and then returned to stab him again; the multiple stab wounds, indicating a purposeful and calculated attack; and, the shallow wounds that Norton described still demonstrated prodding and torture. While these may be arguments that the State can make to a jury to prove prior calculation and design, it is insufficient to show a probability that the trial court abused its discretion by finding that Norton's new testimony disclosed a strong probability of a different outcome. Norton's prior testimony that some of McBride's knife wounds were healing for an hour before his death was very strong evidence that the killer waited an hour to kill McBride. So strong, in fact, that the prosecutor emphasized this fact a number of times in closing argument and again during the sentencing hearing. Absent such evidence, it is not unreasonable, arbitrary, or unconscionable for the trial court to determine that a different outcome is a strong probability. The State has failed to sufficiently demonstrate a probability that the trial court's decision was an abuse of discretion.
 {¶ 17} Finally, the State claims in its second claim of error that the trial court erred when it granted Burke a new sentencing hearing for Count 2 of the indictment. The State claims that the trial court should merely enter judgment incorporating the previously recommended and pronounced death sentence on Count 2 of the indictment. However, Burke was never sentenced for Count 2 of the indictment. At his sentencing, the trial court merged Counts 1 and 2 of the indictment and the State elected to have Burke sentenced for Count 1 of the indictment. Therefore, the State has failed to sufficiently demonstrate a probability that the claimed error occurred.
 {¶ 18} The State has failed to sufficiently demonstrate a probability that its claimed errors did in fact occur. Therefore, we deny the State's motion for leave to appeal.
Motion denied.
Brown and Travis, JJ., concur.
[1] Burke was also charged with one count of aggravated robbery in violation of R.C. 2911.01 and another count that is illegible in his indictment. These counts are not implicated in the present appeal.
[2] The verdict form for those specifications erroneously listed the second specification in Count 2 of the indictment as a specification for Count 1 of the indictment. Therefore, while the jury did find Burke guilty of this specification, the jury never returned a verdict as to the second specification for count two.