[Cite as *State v. Boone*, 2017-Ohio-843.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 16AP-387 |
| v. | : | (C.P.C. No. 97CR03-1639) |
| Shaughn C. Boone, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

───────────────────────

D E C I S I O N

Rendered on March 9, 2017

───────────────────────

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Shaughn C. Boone*, pro se.

───────────────────────

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Shaughn C. Boone, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for leave to file a motion for new trial. For the following reasons, we affirm that judgment.

**I. Factual and Procedural Background**

{¶ 2} In 1998, a jury found appellant guilty of four counts of felonious assault and accompanying firearm specifications. The trial court sentenced appellant accordingly. On appeal, this court affirmed those convictions. *State v. Boone*, 10th Dist. No. 98AP-352 (Dec. 24, 1998).

{¶ 3} In the years that followed, appellant filed multiple post-conviction motions. The present appeal concerns appellant's motion for leave to file a motion for new trial that

he filed in 2014. In that motion, appellant requested leave of the trial court to file an untimely motion for new trial pursuant to Crim.R. 33(B). In his separately-filed motion for new trial, appellant argued that he was innocent of the charges and requested a new trial pursuant to Crim.R. 33(A)(6), which provides for a new trial if evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at trial. With that motion, appellant filed an affidavit from his half-brother, which appellant claimed exonerated him of the charges. Appellant alleged that he was unavoidably prevented from timely filing his motion because he did not know that a claim of actual innocence could be made in a motion for new trial. The trial court denied appellant's motion for leave to file an untimely motion for new trial on res judicata grounds.

## II. Appellant's Appeal

{¶ 4} Appellant appeals and assigns the following errors:

[1.] Whether the trial court abused its discretion thereby violating both due process and fundamental fairness, U.S.C.A. Const. Amends. 6 and 14, when it denied (without hearing) appellant's properly pled and substantively supported motion for leave to file delayed motion for new trial pursuant to Crim.R. 33.

[2.] Whether the doctrine of res judicata is applicable [in] cases where the underlying judgment is contrary to law, and/or where such judgment must be disavowed on the basis of newly discovered exculpatory evidence demonstrating a fundamental miscarriage of justice.

## III. A Motion for New Trial Based on Newly Discovered Evidence

{¶ 5} Because appellant's two assignments of error both address whether the trial court properly denied his motion for leave to file a motion for new trial, we address them together.[1] Appellant argues that the trial court erred by denying his properly supported

---

[1] We reject the state's argument that appellant's motion had to be treated as a petition for postconviction relief because that is the exclusive means for which a defendant may collaterally attack a conviction or sentence. As this court has consistently stated, the Crim.R. 33 procedures for a new trial exist independently from the R.C. 2953.21 procedure for postconviction relief. *State v. Caulley*, 10th Dist. No. 12AP-100, 2012-Ohio-2649, ¶ 18; *State v. Berry*, 10th Dist. No. 06AP-803, 2007-Ohio-2244, ¶ 5, fn. 1; *State v. Lee*, 10th Dist. No. 05AP-229, 2005-Ohio-6374, ¶ 13; *State v. Burke*, 10th Dist. No. 06AP-656, 2006-Ohio-4597, ¶ 10-11. The Supreme Court of Ohio has similarly concluded that a petition for postconviction relief exists independently from a post-sentence Crim.R. 32.1 motion to withdraw a plea. *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, ¶ 11-14. While the state argues that the logic in *Bush*

motion for leave on res judicata grounds. We affirm the trial court's decision to deny appellant's motion but for different reasons than expressed by the trial court. *State v. Bridges*, 10th Dist. No. 14AP-602, 2015-Ohio-4480, ¶ 20 (affirming trial court decision "albeit it for a different reason than the one articulated by the trial court"); *White v. Mt. Carmel Med. Ctr.*, 150 Ohio App.3d 316, 2002-Ohio-6446, ¶ 30 (10th Dist.) ("[t]his court is permitted to affirm a trial court's decision on different grounds").

## A. The Crim.R. 33 Procedure

{¶ 6} Appellant filed his motion for new trial pursuant to Crim.R. 33(A)(6), which provides that a new trial may be granted "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Such a motion must be filed within 120 days after the verdict is rendered. Crim.R. 33(B). Appellant did not file his motion within the time frame required by Crim.R. 33(B).

{¶ 7} Because appellant did not file his motion for a new trial based on newly-discovered evidence within 120 days of the jury's verdict, he correctly sought leave from the trial court to file a delayed motion. *State v. Hoover-Moore*, 10th Dist. No. 14AP-1049, 2015-Ohio-4863, ¶ 13, citing *State v. Berry*, 10th Dist. No. 06AP-803, 2007-Ohio-2244, ¶ 19. To obtain such leave, a defendant must demonstrate by clear and convincing proof that he or she was unavoidably prevented from discovering the evidence within the 120 days. A party is "unavoidably prevented" from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence. *Id.*, citing *State v. Lee*, 10th Dist. No. 05AP-229, 2005-Ohio-6374, ¶ 7, and *State v. Walden*, 19 Ohio App.3d 141, 145-46 (10th Dist.1984).

{¶ 8} In addition to the requirement that a defendant show he or she was unavoidably prevented from discovering the evidence relied upon to support a motion for new trial, a defendant also must show that he filed his motion for leave within a reasonable time after discovering the evidence relied upon to support the motion for new trial. *State v. Grinnell*, 10th Dist. No. 09AP-1048, 2010-Ohio-3028, ¶ 12, quoting *State v. Gray*, 8th Dist. No. 92646, 2010-Ohio-11, ¶ 18; *Berry* at ¶ 37. In the event there has been

is "flawed and should not be extended," as an intermediate appellate court, we are bound by decisions of the Supreme Court of Ohio.

an undue delay between the time that the evidence was discovered and the filing of the motion for new trial, the trial court must determine whether the delay was reasonable under the circumstances or whether the defendant has adequately explained the reason for the delay. *Grinnell.*

### B. Standard of Review

{¶ 9} An appellate court applies an abuse of discretion standard in reviewing a trial court's denial of a motion for leave to file a delayed motion for new trial. *State v. Anderson*, 10th Dist. No. 12AP-133, 2012-Ohio-4733, ¶ 9. A trial court's decision whether to conduct an evidentiary hearing on a motion for leave to file a motion for new trial is also discretionary. *Hoover-Moore* at ¶ 14, citing *State v. Cleveland*, 9th Dist. No. 08CA009406, 2009-Ohio-397, ¶ 54. Although an abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision, no court has the authority, within its discretion, to commit an error of law. *State v. Moncrief*, 10th Dist. No. 13AP-391, 2013-Ohio-4571, ¶ 7.

### C. Analysis

{¶ 10} In support of his motion for leave, appellant presented an affidavit from his half-brother, Oliver Bryan, who stated that appellant was not involved in the offenses. The affidavit appears to have been drafted in October of 1998 and was also filed in support of petitions for postconviction relief appellant filed in 1998 and in 2000. Thus, appellant could not have been unavoidably prevented from discovering the affidavit because he has had the affidavit since at least 1998. Additionally, in his 2000 petition, appellant wrote that he provided his trial counsel with accurate information to call Bryan as a witness at his trial but that trial counsel did not call him as a witness. As this court has previously held, a post-trial affidavit exonerating a defendant that was provided by a witness who could have been called at trial, but was not, can never be considered newly-discovered evidence. *State v. Ambartsoumov*, 10th Dist. No. 12AP-878, 2013-Ohio-3011, ¶ 23.

{¶ 11} Next, to the extent appellant argued in the trial court that he also presented newly-discovered evidence in the form of a forensic report, appellant failed to demonstrate by clear and convincing proof that he was unavoidably prevented from discovering the report. In fact, appellant did not argue that he was unavoidably prevented

from discovering the evidence for his motion for new trial but that he did not discover it in time to include it in a petition (we assume the petition for postconviction relief he filed in 2000). Additionally, appellant does not explain when he learned of or obtained the report. In his motion before the trial court, he wrote that he did not become aware of the report "until recently." He also wrote that he was unaware of the report until he found it in the records given to him by his counsel. He does not, however, identify when he received his file from counsel or when he discovered the report in the file. These vague statements do not rise to the level of clear and convincing evidence that appellant was unavoidably prevented from discovering the report. *State v. Golden*, 10th Dist. No. 09AP-1004, 2010-Ohio-4438, ¶ 17.

## IV.  Conclusion

{¶ 12} For these reasons, the trial court did not abuse its discretion by denying appellant's motion for leave to file a motion for new trial without a hearing. Accordingly, we deny appellant's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and HORTON, JJ., concur.