[Cite as *State v. Smith*, 2026-Ohio-41.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO<br><br>    Plaintiff - Appellee<br><br>-vs-<br><br>MICHAEL SMITH<br><br>    Defendant – Appellant | Case No. 25CA000013<br><br><u>Opinion And Judgment Entry</u><br><br>Appeal from the Guernsey County Court of Common Pleas, Case No. 11CR40<br><br>Judgment:  Affirmed<br><br>Date of Judgment Entry:January 8, 2026 |

**BEFORE:**    ANDREW J. KING, P.J., ROBERT G. MONTGOMERY, J. & KEVIN W. POPHAM, J.; Appellate Judges

**APPEARANCES:** Brad Tammaro for Plaintiff-Appellee; Eric J. Allen, for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1}    Appellant Michael Smith ("Smith") appeals from the April 22, 2025, Judgment Entry of the Guernsey County Court of Common Pleas denying his motion for leave to file a motion for a new trial. For the reasons that follow, we affirm.

**Facts and Procedural History**

{¶2}    Following a six-day jury trial, Smith was convicted of murder, attempted murder, felonious assault, grand theft, and having a weapon under disability. His felonious assault conviction merged with the attempted murder count. The trial court imposed an aggregate prison term of forty-eight years to life. The underlying facts appear in *State v. Smith*, 2013-Ohio-1226 (5th Dist.) ("*Smith, I*").

{¶3}  On direct appeal, Smith challenged several evidentiary rulings as well as the sufficiency and weight of the evidence. This Court affirmed his convictions, and the Supreme Court of Ohio declined jurisdiction. *State v. Smith,* 2013-Ohio-3210.

{¶4}  Nearly thirteen years later, on January 23, 2025, Smith filed a motion for leave to file a motion for new trial. The State opposed the request, and the trial court denied leave.

**Assignment of Error**

{¶5}  Smith presents one assignment of error:

{¶6}  "I. THE TRIAL COURT ERRED IN DENYING THE MOTION FOR LEAVE TO FILE A MOTION FOR A NEW TRIAL."

{¶7}  Smith contends he was prevented from testifying at trial and from presenting evidence regarding borderline personality disorder, which he claims could have supported verdicts for involuntary manslaughter rather than murder and attempted murder.

**Governing Standards**

{¶8}  Crim.R. 33(A)(6) authorizes a new trial based on newly discovered evidence that, despite reasonable diligence, could not have been discovered in time for the original trial. Crim.R. 33(B) does not impose an absolute deadline for seeking leave; however, a defendant must demonstrate by clear and convincing evidence that he was unavoidably prevented from discovering the evidence earlier. *State v. Bethel*, 2022-Ohio-783, ¶¶ 53, 55; *State v. Ayers*, 2022-Ohio-1910, ¶ 113 (5th Dist.). Clear and convincing evidence must produce a firm belief or conviction in the factfinder. *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 368 (1985).

{¶9} Critically, at the leave stage the court may not assess the merits of the proposed new-trial claim; the sole inquiry is whether unavoidable prevention has been established. *State v. Hatton*, 2022-Ohio-3991, ¶ 30.

{¶10} A defendant is unavoidably prevented from filing a new trial motion only when he had no knowledge of the grounds supporting the motion and could not have discovered them despite reasonable diligence. *Bethel*, ¶ 21. Conclusory allegations are insufficient. *State v. Cashin*, 2017-Ohio-9289, ¶ 17 (10th Dist.). And a trial court cannot grant leave to file a new trial motion unless the defendant first satisfies Crim.R. 33(B)'s unavoidable-prevention requirement. *State v. Georgekopoulos*, 2004-Ohio-5197, ¶ 8 (9th Dist.); *State v. Elmore,* 2014-Ohio-3674, ¶76 (5th Dist.).

{¶11} New trial motions premised on newly discovered evidence are disfavored and must be subjected to "the closest scrutiny" due to the inherent risks of delay, fabrication, and attempts to revisit issues that could have been raised earlier. *Taylor v. Ross*, 150 Ohio St. 448, 450-451 (1948); *State v. Ayers,* 2022-Ohio-1910, ¶118 (5th Dist.).

{¶12} When a defendant files a motion for leave based on newly discovered evidence more than 120 days after the verdict, a hearing on the motion is required if a defendant makes a prima facie showing that he was unavoidably prevented from discovering the evidence on which he seeks to rely. If a defendant fails to present prima facie evidence of being unavoidably prevented from discovering such evidence, a court may deny leave without holding a hearing. *State v. Grad*, 2024-Ohio-5710, ¶ 72, citing *State v. Cleveland*, 2009-Ohio-397, ¶ 54 (9th Dist.).

**Analysis**

**Smith Failed to Demonstrate Unavoidable Prevention**

{¶13}  The trial court denied leave based on the thirteen-year delay and Smith's failure to demonstrate unavoidable prevention by clear and convincing evidence. The record supports that determination. Smith identifies no newly discovered facts that were unknown to him at the time of trial or that he could not have discovered within the rule's ordinary timeframe.

**Claim of Inability to Testify Is Legally Unsupported**

{¶14}  Smith contends he was prevented from testifying because the trial court did not confirm his desire to testify or advise him of his right to do so. This claim is contrary to established law. Trial courts have no duty to inquire into a defendant's decision whether to testify or to inform the defendant of that right. *State v. Bey*, 85 Ohio St.3d 487 (1999).

{¶15}  Constitutional rights, including the right to testify, may be forfeited if not timely invoked. *United States v. Olano*, 507 U.S. 725, 731 (1993). A defendant must affirmatively express his desire to testify; silence constitutes waiver. *State v. Harris*, 2020-Ohio-5425, ¶ 16 (8th Dist.). *See also State v. Phillips*, 2025-Ohio-4555, ¶ 22.

{¶16}  Nothing in the record suggests Smith misunderstood his right to testify, attempted to invoke it, or was prevented from doing so. His failure to testify was apparent at the time of trial, yet he presents no justification for the thirteen-year delay in asserting this claim. The argument therefore cannot establish unavoidable prevention.

**Mental-Health Evidence Argument Is Refuted by the Record**

{¶17}  Smith next asserts that trial counsel failed to discuss his mental-health issues with him. The record squarely refutes this claim. As this Court previously observed:

Smith presented expert testimony to demonstrate that his medications and mental condition could have made him more susceptible to being provoked by those around him.

*Smith I,* 2013-Ohio-1226, ¶ 63.

{¶18} Counsel could not have presented expert mental-health testimony without first discussing those issues with Smith. His current affidavit omits any mention of the expert testimony offered at trial and simply reiterates his longstanding view that he should have been convicted of lesser offenses. Such assertions do not constitute newly discovered evidence and do not support a finding of unavoidable prevention.

**Conclusion**

{¶19} Smith has not shown by clear and convincing evidence that he was unavoidably prevented from discovering the information he now relies upon. Because he failed to satisfy Crim.R. 33(B)'s threshold requirement, the trial court was foreclosed from addressing the merits of the proposed new trial motion. *See State v. Hatton*, 2022-Ohio-3991.

{¶20} On this record, the trial court did not abuse its discretion in denying leave to file a motion for a new trial without a hearing where, as here, the motion is made thirteen years after the trial, and the defendant fails to support the motion for leave to file a motion for a new trial with prima facie evidence of being unavoidably prevented from discovering the evidence upon which he now relies.

**{¶21}** Smith's sole assignment of error is overruled.

For the reasons stated in our Opinion, the judgment of the Guernsey County Court of Common Pleas is affirmed. Costs to Appellant, Michael Smith.

By: Popham, J.

King, P.J. and

Montgomery, J., concur