DECISION
{¶ 1} Defendant-appellant, Craig A. Davis, appeals from the November 12, 2003 decision and entry of the Franklin County Court of Common Pleas denying his "Motion for Finding of Newly Discovered Evidence and Unavoidable Prevention of Discovery" filed April 25, 2003. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} On January 13, 1992, appellant was indicted on one count of aggravated robbery and one count of felonious assault, both with firearm specifications. After a jury trial, appellant was convicted on both counts and sentenced to consecutive prison terms of eight to 25 years for the aggravated robbery and seven to 15 years for the felonious assault, both consecutive to a single three-year prison term for the firearm specification. Appellant appealed his conviction and this court affirmed the decision of the trial court. State v. Davis (Sept. 29, 1992), Franklin App. No. 92AP-110.[1] ("Davis I.")
 {¶ 3} On July 31, 1997, appellant filed a "Motion for Leave to File Motion for New Trial" based on newly discovered evidence of his innocence. In his motion, appellant alleged that Dennis White allegedly claimed responsibility for the aggravated robbery and felonious assault offenses for which appellant was convicted of. Attached to his motion is the affidavit of a Dominique Howard and a notarized letter signed by an Allen Moore which stated that White admitted to the crimes. The trial court denied appellant's motion finding that appellant failed to demonstrate by clear and convincing evidence that he was "unavoidably prevented" from offering evidence of White's guilt in the exercise of reasonable diligence within the 120-day period.
 {¶ 4} On April 25, 2003, appellant filed a "Motion for Finding of Newly Discovered Evidence and Unavoidable Prevention of Discovery" attaching an affidavit from White, in which White admitted to committing armed robbery and firing a gunshot that struck the victim. The trial court denied appellant's motion for the same reason appellant's first motion was denied — appellant failed to prove by clear and convincing evidence that he was unavoidably prevented from discovering the evidence within the 120-day period. The trial court noted that, had appellant exercised due diligence, he could have offered evidence of White's guilt at trial. It is from this entry that appellant timely appeals, assigning the following sole assignment of error:
The trial court committed an abuse of judicial discretion in dismissing appellant's motion for finding of newly discovered evidence and unavoidable prevention of discovery.
 {¶ 5} At the onset, we note that in its brief, appellee, the State of Ohio, argues that appellant's attempt in seeking a new trial pursuant to Crim.R. 33 is an improper collateral attempt for post-conviction relief. The state also maintains that since the issue of White's confession could have been fully litigated by appellant in 1997, appellant's 2003 motion attempting to relitigate the same issue was barred by res judicata. For the reasons that follow, we find it unnecessary to address the state's arguments on res judicata and post-conviction relief barring appellant's Crim.R. 33 motion.
 {¶ 6} Appellant bases his Crim.R. 33 motion on newly discovered evidence. The standard of review on a motion for a new trial on the grounds of newly discovered evidence in a criminal case is well-settled in Ohio. Crim.R. 33(A)(6) addresses a request for new trial based upon newly discovered evidence:
When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given * * *.
 {¶ 7} The Supreme Court of Ohio has held that in order to grant a motion for a new trial, it must be shown that the newly discovered evidence upon which the motion is based:
* * * (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.
State v. Petro (1947), 148 Ohio St. 505, paragraph one of the syllabus, citing State v. Lopa (1917), 96 Ohio St. 410, approved and followed. The Supreme Court of Ohio further noted that:
The granting of a motion for a new trial upon the ground named [newly discovered evidence] is necessarily committed to the wise discretion of the court, and a court of error cannot reverse, unless there has been a gross abuse of that discretion; and whether that discretion has been abused must be disclosed from the entire record.
Petro, at 507-508.
 {¶ 8} The standard of review on appeal is set out in the first paragraph of the syllabus in State v. Schiebel (1990),55 Ohio St.3d 71:
A motion for new trial pursuant to Crim. R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion.
 {¶ 9} "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} In this case, appellant filed his motion for a new trial after the 120-day period set forth in Crim.R. 33(B), which states in part:
Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
 {¶ 11} Appellant was required to seek leave from the trial court to file a delayed motion. State v.Mathis (1999), 134 Ohio App.3d 77. Leave from the trial court is granted only when appellant has proven, by clear and convincing evidence, that he was unavoidably prevented from filing a timely motion or discovering the new evidence within the period provided pursuant to Crim.R. 33. Id.; State v. Roberts (2001),141 Ohio App.3d 578. "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." State v. Walden (1984),19 Ohio App.3d 141, 145-146.
 {¶ 12} This court in State v. Wilson, Franklin App. No. 02AP-1350, 2003-Ohio-5892 ("Wilson III"), was faced with a similar set of facts as in the case at hand. In Wilson III,
Wilson was found guilty on eight counts of felonious assault with firearm specifications. On appeal, we affirmed Wilson's conviction. State v. Wilson (Dec. 10, 1992), Franklin App. No. 92AP-653 ("Wilson I"). On November 13, 1992, Wilson filed a motion for a new trial. On February 2, 1993, the trial court denied Wilson's motion finding that Wilson was not unavoidably prevented from filing a timely motion for a new trial.[2]
On April 10, 2002, Wilson filed a motion for leave to file a motion for a new trial based on newly discovered evidence. Attached to his motion, Wilson provided sworn affidavits of two individuals evidencing Wilson's innocence. On October 23, 2002, the trial court denied Wilson's motion for leave to file a motion for a new trial. On appeal, in affirming the decision of the trial court, we held that "[t]he holding in Wilson II is the law of the case. As such, the Wilson II court's determination `some effort to investigate and/or interview [Mr. Peoples] before trial should have been made' is binding upon our analysis in this instance." Wilson III, supra, at ¶ 16.
 {¶ 13} In this case, appellant has failed to prove by clear and convincing evidence that he was unavoidably prevented from discovering the evidence of White's alleged confession. Appellant maintained that in preparation for trial, he hired a private investigator to interview White about his involvement in the crime. According to appellant, White denied any involvement and told the investigator that appellant robbed the gas station and shot the victim. However, a review of the investigator's report reveals that White told the investigator that appellant "did not strike [White] as someone who could do what [appellant] is accused of, and that [White] does not think [appellant] did the crime." Appellant failed to prove that White's confession, submitted 11 years after appellant's conviction, could not, in the exercise of due diligence, have been discovered prior to trial. Although White was available to testify, appellant never called him to the witness stand to test his credibility. What White would or would not have said on the witness stand was certainly relevant to appellant's decision on whether to call White to the stand. But this is not itself "newly discovered" evidence under Crim.R. 33. Appellant had the option of subpoenaing White and, if necessary, discrediting any perjured testimony. White's affidavit, presented by appellant, implicating White as the principal in the robbery and assault does not require the trial court to grant a motion for new trial filed over a decade after the crimes. Petro, supra. Furthermore, based on the evidence presented at trial, the jury found appellant guilty beyond a reasonable doubt. See Davis I.
 {¶ 14} Accordingly, as appellant has failed to establish that White's affidavit is "newly discovered" evidence, the trial court's denial of appellant's motion for finding of newly discovered evidence and unavoidable prevention of discovery was proper. Appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and Petree, JJ., concur.
[1] A thorough procedural and factual history of this case is included in our opinion ruling upon appellant's first appeal.
[2] We affirmed the trial court's decision and the Supreme Court of Ohio declined jurisdiction. See State v. Wilson (Nov. 2, 1993), Franklin App. No. 93AP-732 ("Wilson II") and Statev. Wilson (1994), 68 Ohio St.3d 1471, respectively.