[Cite as *State v. Moncrief*, 2013-Ohio-4571.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                              :

      Plaintiff-Appellee,              :

                                                       No. 13AP-391
v.                                          :         (C.P.C. No. 04CR09-6077)

Christopher T. Moncrief,                    :         (ACCELERATED CALENDAR)

      Defendant-Appellant.             :

---

D E C I S I O N

Rendered on October 15, 2013

---

*Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*,
for appellee.

*Christopher T. Moncrief*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1}  Defendant-appellant, Christopher T. Moncrief, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to withdraw guilty plea. Because the trial court did not abuse its discretion, we affirm that judgment.

## I.  Factual and Procedural Background

{¶ 2}  In 2004, appellant was indicted with one count of aggravated murder with a death-penalty specification and one count of aggravated robbery.  Both counts also contained firearm specifications.  Appellant proceeded to a jury trial but, during that trial, appellant decided to enter a guilty plea to one count of murder and a firearm specification.  The trial court accepted his guilty plea, found him guilty, and sentenced him accordingly.  Appellant did not timely appeal his conviction.

{¶ 3} In 2007, appellant filed in the trial court a petition for postconviction relief, as well as a motion to withdraw his guilty plea. Both claimed that his trial counsel coerced him into entering a guilty plea. The trial court denied both requests, and this court affirmed. *State v. Moncrief*, 10th Dist. No. 08AP-153, 2008-Ohio-4594. As it related to his motion to withdraw, this court concluded that appellant's claims of coercion in his affidavit were contradicted by his own statements, and insufficient to meet his burden of showing a manifest injustice. *Id.* at ¶ 13-14. Undeterred, appellant filed another motion to withdraw his guilty plea on December 4, 2012. Appellant again alleged that his trial counsel coerced him into entering his guilty plea. The trial court denied appellant's motion, noting that the motion presented no new issues for the court to consider.

## II. The Appeal

{¶ 4} Appellant appeals and assigns the following errors:

> [1.] The trial court erred to the prejudice of the appellant in dismissing the latest motion to withdraw guilty plea based upon res judicata grounds when such petition was his first in violation of appellant's absolute right to procedural due process of law under the Ohio and U.S. Constitution.
>
> [2.] It was prejudicial error for the court below to dismiss on res judicata grounds where appellant alleged the ineffective assistance of trial counsel.
>
> [3.] It was an abuse of discretion and prejudicial error for the court below not to order an evidentiary hearing in this case.
>
> [4.] An evidentiary hearing and relief was warranted where appellant presented allegations that connoted constitutional structural defect and the lack of personal jurisdiction in the trial court.

### A. The Trial Court's Denial of Appellant's Second Motion to Withdraw Guilty Plea

{¶ 5} Because appellant's first and second assignments of error both address the trial court's application of res judicata to deny his second motion to withdraw, we will address them together.

{¶ 6} Crim.R. 32.1 permits a motion to withdraw a guilty plea "only before sentence is imposed; but to correct manifest injustice the court after sentence may set

aside the judgment of conviction and permit the defendant to withdraw his or her plea." Manifest injustice relates to some fundamental flaw in the proceedings which results in a miscarriage of justice or is inconsistent with the demands of due process. *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5. Manifest injustice " 'is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases.' " *State v. Tabor*, 10th Dist. No. 08AP-1066, 2009-Ohio-2657, ¶ 6, quoting *State v. Price*, 4th Dist. No. 07CA47, 2008-Ohio-3583, ¶ 11. A defendant seeking to withdraw a guilty plea following imposition of sentence bears the burden of establishing manifest injustice with specific facts either contained in the record or supplied through affidavits submitted with the motion. *State v. Garcia,* 10th Dist. No. 08AP-224, 2008-Ohio-6421, ¶ 11, citing *State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124 (9th Dist.).

{¶ 7} A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court. *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus. Therefore, this court's review of a trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. *State v. Conteh*, 10th Dist. No. 09AP-490, 2009-Ohio-6780, ¶ 16. Absent an abuse of discretion on the part of the trial court, its decision concerning a post-sentence motion to withdraw guilty plea must be affirmed. *State v. Xie,* 62 Ohio St.3d 521, 527 (1992). Although an abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision, *State v. Beavers*, 10th Dist. No. 11AP-1064, 2012-Ohio-3654, ¶ 8, we note that no court has the authority, within its discretion, to commit an error of law. *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶ 70.

{¶ 8} The doctrine of res judicata may bar claims made in successive postsentence motions to withdraw plea that were or could have been made in a previous motion. *State v. Tovar*, 10th Dist. No. 11AP-1106, 2012-Ohio-6156, ¶ 17-18; *State v. Cale*, 11th Dist. No. 2000-L-034 (Mar. 23, 2001). For example, the defendant in *Tovar* filed a motion to withdraw guilty plea in which he asserted a claim that the trial court failed to comply with R.C. 2943.031 when it accepted his plea. The trial court denied that motion, and Tovar did not appeal from that judgment. Several years later, Tovar filed another motion to withdraw guilty plea and again asserted that the trial court did not comply with R.C.

2943.031. This time the trial court granted the motion. This court reversed, concluding in part that res judicata barred Tovar from relitigating the same issue a second time. *Tovar* at ¶ 18. Here, appellant asserted his claim of coercion in his first motion to withdraw. The trial court denied that motion. Res judicata bars him from attempting to relitigate the same issue in a second motion to withdraw plea.

{¶ 9} Appellant argues, however, that this is not his second motion to withdraw guilty plea because the trial court originally construed his first motion to withdraw as a petition for postconviction relief. We disagree. Even though the trial court stated that it would construe his first motion as a petition for postconviction relief, it went on to address the merits of his motion as one seeking the withdrawal of a plea. Additionally, in his first appeal, we addressed the trial court's decision as one denying a motion to withdraw a guilty plea. *Moncrief* at ¶ 9-14. Thus, the present motion is appellant's second postsentence motion to withdraw a plea.

{¶ 10} We overrule appellant's first and second assignments of error.

**B. The Trial Court's Denial of Appellant's Motion Without a Hearing**

{¶ 11} Appellant contends in his third and fourth assignments of error that the trial court should have held a hearing on his motion to withdraw. We disagree.

{¶ 12} A trial court is not automatically required to hold a hearing on a post-sentence motion to withdraw a guilty plea. *State v. Spivakov*, 10th Dist. No. 13AP-32, 2013-Ohio-3343, ¶ 11, citing *State v. Barrett,* 10th Dist. No. 11AP-375, 2011-Ohio-4986, ¶ 9. A hearing must only be held if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea. *Id.* A trial court's decision whether to hold a hearing on a postsentence motion to withdraw is subject to review for abuse of discretion. *Id.* at ¶ 10.

{¶ 13} Here, because the application of res judicata to appellant's second motion to withdraw was clear, the trial court did not abuse its discretion by deciding the motion without a hearing. *State v. Britford*, 10th Dist. No. 11AP-646, 2012-Ohio-1966, ¶ 12, citing *State v. Thomson*, 6th Dist. No. L-05-1213, 2006-Ohio-1224, ¶ 58. Accordingly, we overrule appellant's third and fourth assignments of error.

**III. Conclusion**

{¶ 14} The trial court did not abuse its discretion by denying appellant's second postsentence motion to withdraw guilty plea without a hearing. Accordingly, we overrule appellant's four assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and SADLER, JJ., concur.