[Cite as *State v. Chavis-Tucker*, 2014-Ohio-3050.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 14AP-40 |
| v. | : | (C.P.C. No. 95CR-09-1021) |
| James Chavis-Tucker, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on July 10, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

*James Chavis-Tucker*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, James Chavis-Tucker, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for a new trial. Because the trial court did not abuse its discretion, we affirm that judgment.

I. Factual and Procedural Background

{¶ 2} This court has already set forth the factual and procedural background of appellant's case. *See State v. Chavis*, 10th Dist. No. 96APA04-508 (Dec. 26, 1996) (affirming conviction); *State v. Chavis-Tucker*, 10th Dist. No. 05AP-974, 2006-Ohio-3105 (affirming dismissal of petition for postconviction relief). In short, a jury in 1996 found appellant guilty of the aggravated murder of Ernest Penn, III, who was shot while working

as a security guard at Club Alexander, a nightclub in Columbus. The trial court sentenced him accordingly.

{¶ 3} On July 10, 2012, appellant filed in the trial court a motion for new trial pursuant to Crim.R. 33(A)(2). In his motion, appellant claimed that a juror had not been truthful during his voir dire questioning about his knowledge of the club where the murder occurred. Specifically, the juror was asked whether he had "ever seen or been to or heard of" Club Alexander. The juror answered that he had heard of it. Appellant filed an affidavit from Sheila Jones, who stated that she had been friends with the juror and that the juror worked as a DJ at the club sometime between 1989 and 1994. Appellant argued that the juror's answer was not truthful because he had not only heard of the club, but had also been there. The state opposed appellant's motion for a number of reasons. The trial court denied the motion, both on its merits and because the motion was not timely filed.

## II. The Appeal

{¶ 4} Appellant appeals and assigns the following error:

> The Trial Court abused its discretion and erred in denying a hearing on appellant['s] motion for new trial based on newly discovered evidence of juror misconduct, which raised a substantial question to the interest of the juror to that of the defendant.

### A. Standard of Review

{¶ 5} Appellant appeals from the trial court's decision denying his motion for new trial. Our review of that decision is limited to determining whether the trial court abused its discretion. *State v. Green*, 10th Dist. No. 13AP-260, 2013-Ohio-5327, ¶ 8. Although an abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision, no court has the authority, within its discretion, to commit an error of law. *State v. Moncrief*, 10th Dist. No. 13AP-391, 2013-Ohio-4571, ¶ 7.

### B. Appellant Filed an Untimely Motion for New Trial

{¶ 6} Appellant filed his motion for new trial on July 10, 2012. Because his motion alleged a claim of juror misconduct under Crim.R. 33(A)(2), it had to be filed within 14 days after verdict. Crim.R. 33(B). Appellant's verdict was entered in 1996, making his motion for new trial untimely. Because appellant filed his motion well outside

the rule's time limits, he had to obtain leave from the trial court to file his motion. *State v. Golden*, 10th Dist. No. 09AP-1004, 2010-Ohio-4438, ¶ 8; *State v. Gover*, 10th Dist. No. 12AP-777, 2013-Ohio-3366, ¶ 10. Although appellant did not follow this procedure, the trial court appeared to, so we construe the trial court's decision as one denying leave to file an untimely motion for new trial. An abuse of discretion standard of review also applies to decisions that deny Crim.R. 33(B) motions for leave to file a motion for new trial. *State v. Townsend*, 10th Dist. No. 08AP-371, 2008-Ohio-6518, ¶ 8.

{¶ 7} Whether a trial court grants leave to file a delayed motion for new trial based on juror misconduct depends upon whether the defendant presents clear and convincing proof that he was unavoidably prevented from filing a timely motion. Crim.R. 33(B); *State v. Carson*, 10th Dist. No. 07AP-492, 2007-Ohio-6382, ¶ 14. A party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence. *Carson* at ¶ 15, citing *State v. Davis*, 10th Dist. No. 03AP-1200, 2004-Ohio-6065, ¶ 11.

### C. Appellant did not Demonstrate Unavoidable Prevention

{¶ 8} The trial court concluded that appellant failed to establish that he was unavoidably prevented from discovering the grounds to support his motion. We agree. Appellant's only attempt to demonstrate that he was unavoidably prevented from discovering the grounds to support his motion is his claim that he had no way of securing the information about the alleged juror misconduct until now. Clear and convincing proof that a defendant was unavoidably prevented from filing requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the grounds to support his motion for a new trial. *Carson* at ¶ 16, citing *State v. Lee*, 10th Dist. No. 05AP-229, 2005-Ohio-6374, ¶ 9. Thus, the mere assertion in appellant's motion that he was unavoidably prevented from discovering the grounds was not sufficient on its face to carry appellant's burden of proving unavoidable delay by clear and convincing evidence. *See State v. Bush*, 10th Dist. No. 08AP-627, 2009-Ohio-441; *State v. Parker*, 178 Ohio App.3d 574, 2008-Ohio-5178 (2d Dist.). Further, appellant does not explain how he

finally did obtain this information, why it took him so long to do so, and why he could not have discovered it earlier.  *Townsend* at ¶ 13.

{¶ 9}   Because appellant did not demonstrate that he was unavoidably prevented from discovering the ground to support his motion, the trial court did not abuse its discretion by denying his motion.  In light of that failure, the trial court also did not abuse its discretion in denying his motion without a hearing.  *Carson* at ¶ 22.  For these reasons, we overrule appellant's assignment of error.

## III.  Conclusion

{¶ 10}  Having overruled appellant's assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

———————————————