[Cite as *State v. Jackson*, 2017-Ohio-6971.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 16AP-728 |
| v. | : | (C.P.C. No. 09CR-6130) |
| Mickale A. Jackson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on July 25, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *Yeura Venters*, Public Defender, and *David L. Strait*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Mickale A. Jackson, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for new trial. For the following reasons, we affirm that judgment.

### I. Factual and Procedural Background

{¶ 2} In 2009, a Franklin County Grand Jury indicted appellant for 13 counts of aggravated robbery, robbery, kidnapping, aggravated burglary, tampering with evidence, and having a weapon while under disability. The charges concerned appellant and a co-defendant breaking into an apartment, holding two people there at gunpoint, and stealing

items from them.  After a trial, a jury found appellant guilty of two counts of aggravated robbery and kidnapping and one count of aggravated burglary.  The trial court sentenced him accordingly.  This court affirmed, concluding that his convictions were supported by sufficient evidence and were not against the manifest weight of the evidence.  *State v. Jackson*, 10th Dist. No. 10AP-693, 2011-Ohio-4362.  We noted the testimony of the two victims were generally consistent with each other and that both victims identified appellant as a participant in the crimes.  Additionally, the police stopped a car in close proximity to the crime scene moments after a 911 call.  Appellant was in the car along with property from one of the victims.  Last, there were three guns found in the car and on two of them, a mixture of DNA evidence was collected from which appellant could not be excluded as a contributor.  *Id.* at ¶ 47.

{¶ 3}  Almost five years later, on August 19, 2016, appellant filed a motion for new trial based on newly discovered evidence pursuant to Crim.R. 33(A)(6).  In his motion, appellant presented a letter he received from the Franklin County Prosecutor's Office which indicated that the Columbus Division of Police has recently reviewed a number of DNA reports on mixed DNA results such as the results presented at appellant's trial.  The letter contained a new report which applied new interpretations and reporting guidelines to the previous DNA samples.  Specifically, at his trial, testimony indicated that DNA was recovered from the three guns that were found in the car.  All three DNA samples were mixtures of more than one person's DNA.  On two of those guns, a Glock and a Llama, testimony indicated that appellant could not be excluded as a contributor to the DNA mixture.  On the other gun, a Kel-Tec, testimony indicated that he could be excluded as a contributor.  The new report disclosed that the DNA sample from the Glock could not be re-analyzed, that no interpretations would be made from the DNA sample obtained from the Llama gun due to the limited data obtained, and that appellant could be excluded as a contributor of the major component profile of the DNA sample obtained from the Kel-Tec gun.  The state opposed appellant's motion.

{¶ 4}  The trial court denied appellant's motion, concluding after a review of the evidence presented at trial that the evidence of his guilt was "overwhelming" even without the DNA evidence, such that even with the new DNA evidence, there was not a strong probability of a different result at a new trial.

## II. Appellant's Appeal

{¶ 5}   Appellant appeals and assigns the following error:

> The trial court erred by denying Appellant's motion for new trial.

### A. Motion for New Trial

{¶ 6}   In his assignment of error, appellant argues that the trial court abused its discretion by concluding that the new DNA evidence does not indicate a strong probability of a different result at a new trial.  We disagree.

{¶ 7}   Appellant filed his motion for new trial pursuant to Crim.R. 33(A)(6), which provides that a new trial may be granted "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial."[1]   In order to grant a motion for a new trial based on newly discovered evidence, it must be shown that the newly discovered evidence upon which the motion is based: (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. *State v. Burke*, 10th Dist. No. 06AP-656, 2006-Ohio-4597, ¶ 13, citing *State v. Davis*, 10th Dist. No. 03AP-1200, 2004-Ohio-6065, ¶ 7; *State v. Petro*, 148 Ohio St. 505 (1947), paragraph one of the syllabus.  Our review of a trial court's decision resolving a motion for new trial is limited to determining whether the trial court abused its discretion.   *State v. Hoover-Moore*, 10th Dist. No. 14AP-1049, 2015-Ohio-4863, ¶ 16, citing *State v. Chavis-Tucker*, 10th Dist. No. 14AP-40, 2014-Ohio-3050, ¶ 5.

### B. Analysis

{¶ 8}   Here, the trial court concluded that the new DNA evidence did not disclose a strong probability that this evidence would change the result if a new trial is granted.

---

[1] We note that such a motion must be filed within 120 days after the verdict is rendered, Crim.R. 33(B), and that appellant did not file his motion within that time frame.  Because appellant did not, he should have sought leave from the trial court to file a delayed motion. *State v. Hoover-Moore*, 10th Dist. No. 14AP-1049, 2015-Ohio-4863, ¶ 13, citing *State v. Berry*, 10th Dist. No. 06AP-803, 2007-Ohio-2244, ¶ 19. Notwithstanding, the trial court sua sponte granted appellant leave to file his motion for new trial and then went on to deny the motion for new trial on its merits.

Based on the evidence presented at appellant's trial, *see Jackson* at ¶ 4-19, that conclusion was not an abuse of discretion. As this court noted in our previous decision, the two victims of appellant's crimes testified that appellant participated in these offenses. Significantly, the victims also testified that appellant and his co-defendant (a nephew of one of the victims) had been in the apartment shortly before the crimes, left, and then returned again to commit the crimes. Shortly after the crimes, police found appellant in a car near the scene of the offenses and property taken from one victim was also in the car. In light of this testimony, it appears that the original DNA evidence at trial did not play a significant role in appellant's convictions. Therefore, the new DNA evidence, which slightly modifies the original DNA evidence, does not disclose a strong probability of a new result. Accordingly, we overrule appellant's assignment of error.

## III.  Conclusion

{¶ 9}   The trial court did not abuse its discretion by denying appellant's motion for new trial. Accordingly, we overrule his assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and BRUNNER, JJ., concur.

———————