BRUNNER, J., concurring in part and dissenting in part.
 

 {¶ 45} I concur with the judgment of the majority in overruling BNA Construction, Ltd.'s ("BNA") first assignment of error, but I would sustain its second, third, and fourth assignments of error, holding that the trial court abused its discretion in finding the hearing officer's decision was supported by reliable, probative, and substantial evidence. I would remand the appeal to the Franklin County Court of Common Pleas for action consistent with this opinion.
 

 {¶ 46} BNA's appeal is of a decision of the Franklin County Court of Common Pleas entered March 24, 2016, affirming a decision of the Unemployment Compensation Review Commission ("commission"), which affirmed decisions issued by the director of the Office of Unemployment Compensation at the Ohio Department of Job and Family Services ("ODJFS") following an audit concluding that workers performing services for BNA were employees and not independent contractors. The three assignments of error I would sustain are as follows:
 

 2. The Trial Court erred by failing to address the question of whether the Hearing Officer instructions-that if Mr. Velez withdrew as legal counsel-Mr. Lucero would have to represent BNA Construction: thus placed Mr. Lucero in a position of practicing law without a license.
 

 3. The Trial Court erred when it concluded that the ODJFS' Administrative Hearing Officer determined that the ODJFS auditor properly applied the 20-factor test to ascertain whether Appellant is an employee pursuant to ORC Section 4141.01(B)(2)(k)(i-xx).
 

 4. The Trial Court erred by concluding the Hearing Officers [sic] decision was supported by substantial, reliable and probative evidence.
 

 DISCUSSION
 

 A. Second Assignment of Error-Whether the Trial Court Erred in Failing to Address the Argument that Lucero was Forced to Choose Between Presenting a Defense, Continuing with his Current Attorney who Felt he Could not Continue, or the Unauthorized Practice of Law
 

 {¶ 47} During the April 2, 2015 hearing, the auditor testified that BNA's attorney had been present during the March 26, 2014 telephone call. (Commission Record at 147-48.) BNA's attorney objected but the hearing was continued before much further discussion on the issue occurred.
 
 Id.
 
 at 148-53. Then when the hearing reconvened on May 12 and the auditor again attempted to testify to the same disputed fact, the parties discussed the issue more fully.
 
 Id.
 
 at 263-64, 283-95.
 

 {¶ 48} BNA's counsel ultimately concluded it was necessary for him to withdraw as counsel since he had become a material witness, and he requested a continuance to allow BNA to obtain new counsel.
 
 Id.
 
 at 283-95. On that occasion, the hearing officer granted a continuance and promised to reschedule the hearing for July in order to permit BNA time to find new counsel and for new counsel to become familiar with the case.
 
 Id.
 
 at 295-96. However, immediately following the hearing, the commission issued a letter to BNA indicating that "[f]or administrative reasons" (which were never explained) the hearing could not be continued until July and would instead reconvene on June 11, 2015 and that no further request for postponement would be granted.
 
 Id.
 
 at 298. In short, one continuance occurred between the initial objection and the first request for a continuance and, in addition, the initial request for a continuance was granted
 (albeit not in the length counsel originally sought). BNA was left with less than one month to obtain new counsel who would be ready to proceed with the continued hearing.
 

 {¶ 49} When the hearing reconvened on June 11, BNA's original counsel appeared and requested more time for BNA to find substitute counsel.
 
 Id.
 
 at 322. The hearing officer denied the request stating, "unfortunately, that decision is out of my control at this point, so we cannot continue for that purpose."
 
 Id.
 
 The hearing officer did not then explain why or how the decision was "out of [her] control."
 
 Id.
 
 Shortly thereafter, the auditor again attempted to testify that BNA's counsel was present and helping Horatio Lucero, the principle of BNA, to understand the telephone conversation on March 26, 2014.
 
 Id.
 
 at 339. BNA's counsel again explained that this was not true and that he felt the auditor's testimony made him a necessary fact witness in the case and, therefore, unable to continue as counsel.
 
 Id.
 
 at 339-41. He again requested leave to withdraw and for a continuance.
 
 Id.
 
 at 339-45.
 

 {¶ 50} The hearing officer again stated that whether to grant a postponement was not a matter within her control and indicated that she was compelled to deny the request.
 
 Id.
 
 at 345. Again, the hearing officer did not explain this statement, except to indicate that the chief hearing officer of the commission "was actually the first one who gave specific orders not to grant a continuance based on that reason."
 
 Id.
 
 at 346. The hearing officer did not indicate who else gave or may have given "specific orders" not to grant a continuance or otherwise explain why she was compelled to deny BNA's request.
 
 Id.
 
 Rather, the hearing officer presented BNA with three choices, withdraw from the hearing and have the matter decided in absentia, proceed with the hearing with Lucero as the company representative, or proceed with current counsel.
 
 Id.
 
 at 345-46. Given this choice, BNA elected to proceed with current counsel.
 
 Id.
 
 at 347.
 

 {¶ 51} The trial court in this case concluded that these denials were not an abuse of the hearing officer's discretion. I disagree. The hearing officer's plain statements during the hearing explain that she felt she lacked discretion, but these statements do not demonstrate why she refused to exercise her discretion at that point. Despite her insistence that she had no discretion to grant further continuances, she could grant further continuances, because she had no difficulty granting one when the ODJFS auditor's father died and when Lucero suffered chest pains.
 
 Id.
 
 at 410-17, 532-34. This unexplained insistence that she lacked the power to grant a continuance as a reason for denial is a paradigmatic example of an "arbitrary" decision to deny a continuance.
 
 See, e.g.
 
 ,
 
 Harmon v. Baldwin
 
 ,
 
 107 Ohio St.3d 232
 
 ,
 
 2005-Ohio-6264
 
 ,
 
 837 N.E.2d 1196
 
 , ¶ 16.
 

 {¶ 52} However, both we and the trial court are obligated to, "at every stage of the proceeding[s]," disregard harmless errors. Civ.R. 61. With that in mind, I note that after BNA first requested a continuance during the May 12 hearing, the hearing was continued three times, for approximately one month on each occasion. Yet, BNA did not obtain new counsel.
 
 [5]
 
 (Commission Record at 298, 410-17, 532-34.)
 

 {¶ 53} The language difficulties facing Lucero in the proceeding and on the March 26 telephone conference, along with the challenge of obtaining counsel with whom he could communicate in Spanish, is evident from the record and made the alternatives given to BNA by the hearing
 officer less than tenable. Given the fact that BNA was able to present the fact that its attorney was not present during the March 26 telephone call through Lucero's testimony, there is some offsetting in the analysis.
 
 Id.
 
 at 464-65. However, the commission hearing officer's actions prevented BNA from providing testimony by BNA's attorney.
 

 {¶ 54} The commission hearing officer denied BNA the opportunity to provide evidence that would have required her to consider and weigh additional evidence differently, not based on cumulative testimony, but on the motivations of the witnesses. To not permit a continuance was an abuse of discretion that affected whether "substantial" evidence existed before the commission. For the trial court not to have addressed this is not consistent with the law and constituted an abuse of discretion. The fact of further continuances does not render it harmless, as the continuances were granted for emergency reasons with no set date determined at the time they were granted. To find new counsel under those circumstances presented BNA with more uncertainty and greater difficulty because of its lack of definiteness. I, therefore, disagree with the trial court that BNA failed to show prejudice from these errors or that they are harmless. (Mar. 24, 2016 Decision at 2.) I would hold that the trial court erred in failing to consider these matters and sustain BNA's second assignment of error.
 

 B. Third and Fourth Assignments of Error-Whether the Trial Court Erred in Finding the Commission's Decision was Supported by Reliable, Probative, and Substantial Evidence in that it Found at Least Ten of the R.C. 4141.01(B)(2)(k) Factors Satisfied
 

 {¶ 55} Ohio Revised Code Section 4141.26 explains that the trial court, when reviewing a decision of the commission:
 

 [M]ay affirm the determination or order complained of in the appeal if it finds, upon consideration of the entire record, that the determination or order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the determination or order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.
 

 R.C. 4141.26(D)(2).
 

 {¶ 56} "Our standard of review is narrower than the trial court's. As to factual issues, our review is limited to a determination as to whether the trial court abused its discretion."
 
 Miracle Home Health Care, LLC v. Ohio Dept. of Job & Family Servs.
 
 , 10th Dist. No. 12AP-318,
 
 2012-Ohio-5669
 
 ,
 
 2012 WL 6043965
 
 , ¶ 18 (citing numerous cases). "Although an abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision, no court has the authority, within its discretion, to commit an error of law."
 
 State v. Jones
 
 , 10th Dist. No. 15AP-596,
 
 2016-Ohio-4766
 
 ,
 
 2016 WL 3574557
 
 , ¶ 15, citing
 
 State v. Moncrief
 
 , 10th Dist. No. 13AP-391,
 
 2013-Ohio-4571
 
 ,
 
 2013 WL 5636129
 
 , ¶ 7. Thus, the trial court's decision is reviewed for abuse of discretion except as to questions of law, which are reviewed de novo.
 

 {¶ 57} The commission's decision (as articulated by the hearing officer) found factors i, iii-vi, x, xii, xv-xvi, xix, and xx of R.C. 4141.01(B)(2)(k) satisfied. A review of the hearing officer's decision shows that the hearing officer correctly articulated the legal question in each of the factors she found to be satisfied.
 
 Compare
 
 Commission Record at 761-62
 
 with
 
 R.C. 4141.01(B)(2)(k). Therefore, our analysis
 should be directed to whether the evidence satisfied those factors and, to be more specific, whether the trial court "abused its discretion" in determining that the commission decision was supported by "reliable, probative, and substantial evidence."
 
 Miracle Home Health Care, LLC
 
 at ¶ 17-18.
 

 {¶ 58} I recognize that at the commission hearing, BNA presented significant reason to doubt the thoroughness and veracity of ODJFS' auditor's findings on each of the factors. The auditor initially testified to an extended duration of the telephone conversation on March 26, saying it took place for over one hour before admitting, when confronted with telephone records, that it in fact took slightly less than 23 minutes. (Commission Record at 263-66, 353.) The ODJFS auditor testified that BNA's attorney was present and helping to clarify and interpret during the conversation with Lucero, whose first language is not English and who required an interpreter during the hearing.
 
 Id.
 
 at 147-48, 263-64, 339, 362-64. However, Lucero's testimony and BNA's attorney's efforts to testify strongly suggest that at least portions of the ODJFS auditor's testimony was less than accurate.
 
 Id.
 
 at 148, 283-95, 339-45, 464-65.
 

 {¶ 59} Further, Lucero's testimony that he is a middle-man between large contractors and small subcontractors, that he has no employees, only subcontractors, and that he may have as many as ten and as few as zero persons working at any given time, was evidence that should have been considered in analyzing the statutory factors for employee versus independent contractor status of each of the individuals the auditor claimed was a BNA employee.
 
 Id.
 
 at 460-61, 467. Lucero testified that the people who do work for him have workers' compensation certificates and all their own tools (including trucks), are paid by the job rather than by the hour, can refuse work, can negotiate on price, bid for projects, set their own hours, and perform work for other companies. Lucero's testimony to this end was substantial and probative evidence.
 
 Id.
 
 at 470-71, 474, 521-23, 624, 635. His explanation that he has been audited by the IRS and that the IRS concluded that he had only subcontractors, no employees, goes to the reliability of his testimony before the commission.
 
 Id.
 
 at 462. One of Lucero's frequent workers, Fidel Campuzano, confirmed that he and his brother have their own business working together on roofs, carry appropriate workers' compensation certificates, have their own tools and truck, work with a variety of contractors, set their own hours, and, when they do a job for BNA, negotiate on price, and are free to accept or decline.
 
 Id.
 
 at 481-82, 485-88, 490. This testimony also was substantial, reliable, and probative evidence
 
 against
 
 the ODJFS auditor's findings on which the commission hearing officer relied.
 

 {¶ 60} The auditor testified that she covered each of the 20 factors set forth in R.C. 4141.01(B)(2)(k) with Lucero in order to determine that the workers used by BNA should be presumed to be employees rather than independent contractors.
 
 Id.
 
 at 350, 355-58. She testified that she filled out a questionnaire on the 20 factors and the questionnaire was introduced as an exhibit at the hearing.
 
 Id.
 
 at 643-44, 720-23. However, because the hearing officer failed to permit BNA to have its attorney testify as to whether he was present with his client during this telephone call in which the auditor covered these factors with Lucero, her testimony is unreliable. This is especially so in light of the fact that Lucero is not a native English speaker and required an interpreter during the telephone interview and at the hearing. The auditor testified that BNA's attorney was present during the telephone interview, and BNA disputed that. The commission
 and the hearing officer denied BNA the right to provide the evidence it needed to assist it in challenging the ODJFS auditor's credibility and the accuracy of the information used to complete the questionnaire that was central to the hearing officer's determination. The auditor's explanation during the hearing of each of the factors she found significant and that she conducted additional research to exclude workers from being counted as employees beyond the information BNA presented in her investigation, does not support the commission's conclusions or obviate the error that occurred at the hearing stage of this matter.
 
 Id.
 
 at 134-38, 375-76, 383-406, 565-67.
 

 {¶ 61} Under these circumstances, I would sustain BNA's third and fourth assignments of error, holding that the trial court abused its discretion in finding that the commission decision was "supported by reliable, probative, and substantial evidence." R.C. 4141.26(D)(2) ;
 
 Miracle Home Health Care, LLC
 
 at ¶ 17.
 

 In addition, after the issue first came up in the April 2 hearing, but before BNA's attorney determined to withdraw, the hearing was continued for over one month. (Commission Record at 148-53.)